UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21198-CV-HOEVELER/GARBER

JOSEPH CLIFFORD,

    Plaintiff,

v.

COMMERCE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING MOTION FOR REMAND

BEFORE the Court is the plaintiff's motion for remand. For the reasons that follow, the motion is DENIED.

### Background

Joseph Clifford was injured in a motorcycle accident when he was struck by a car driven by Marie Denis on Biscayne Boulevard in Miami. At the time of the accident, Ms. Denis had automobile insurance from Commerce Insurance Company that provided liability coverage up to $20,000 per person, per accident for bodily injury. According to the complaint, Commerce acknowledged that there were no policy defenses to the claim, but nevertheless failed to evaluate the claim in good faith for settlement purposes, and did not tender an affidavit of Ms. Denis's finances as required by law. As a result, Mr. Clifford sued Ms. Denis in state court, winning a

$4,185,000 jury verdict. After judgment was entered on March 20, 2009, Commerce was joined as a party defendant pursuant to section 627.4136(4) of the Florida Statutes, which prevents a third-party tort plaintiff from making a liability insurer a party defendant until the plaintiff first obtains a "settlement or verdict" against the insured. Fla. Stat. § 627.4136(4); Hazen v. Allstate Ins. Co., 952 So.2d 531, 535-36 (Fla. 2nd DCA 2007). Florida courts have observed that this rule ensures that the availability of insurance coverage has no influence on jury's determination of the insured's liability and damages. See General Star Indem. Co. v. Boran Craig Barber Engel Const. Co., Inc., 895 So.2d 1136 (Fla. 2nd DCA 2005).

Within a week of obtaining the verdict in the first case, Mr. Clifford filed this third-party bad faith lawsuit against Commerce in state court on March 25, 2009, alleging that Commerce failed to settle the insurance claim in good faith and exposed Ms. Denis to a judgment greatly in excess of policy limits. Commerce removed the case to federal court on May 4, 2009, claiming that diversity jurisdiction exists because $75,000 is in controversy and the plaintiff is a citizen of either a Florida or California (a fact that is disputed), and the defendant is a Massachusetts corporation with its principal place of business in Massachusetts.

The plaintiff presents two arguments in favor of remand: (1) removal was untimely under 28 U.S.C. § 1446(b), and (2) this is a

"direct action" lawsuit against an insurance company and, therefore, the insurance company assumes the citizenship of its insured for the purpose of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1). Thus, according to the plaintiff, Marie Denis's Florida citizenship is imputed on Commerce, and diversity is defeated.

I.

Under 28 U.S.C. § 1446(b), a Florida defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." It is undisputed that Commerce was not served until April 16, 2009, when Florida's Chief Financial Officer mailed a copy of the summons and complaint to Commerce's Massachusetts headquarters. Nevertheless, the plaintiff focuses on the possibility that Commerce might have "otherwise" received the pleadings even sooner. 28 U.S.C. § 1446(b) (30 days starts when defendant receives pleading through "service *or otherwise*") (emphasis added). For example, the plaintiff points out that Commerce may have known about the lawsuit as early as March 25, 2009, when the complaint was first filed into the public records of the Miami-Dade County Clerk's Office. Under the plaintiff's theory, a defendant should be required to plead in the notice of removal that it did not "otherwise" receive the pleadings before actually being served. The plaintiff provides no authority for this novel

proposition and it finds no support in § 1446(b) or the cases interpreting the 30-day removal period. See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Morse, LLC v. United Wisconsin Life Inc. Co., 356 F. Supp.2d (S.D. Fla. 2005) (faxing complaint to defendant does not trigger the 30-day period absent formal service). Even more peculiar is that the plaintiff doesn't even hint that Commerce had actual knowledge of the lawsuit before being served, but merely posits that it's *possible* Commerce knew and should therefore be required to affirmatively plead that it didn't know. This has no basis in the statute. The Court finds that the notice of removal was filed within the 30-day removal period, which began to run when Commerce was served.

II.

The plaintiff contends that Commerce assumes the Florida citizenship of Marie Denis because of the "direct action" exception to diversity jurisdiction in 28 U.S.C. § 1332(c)(1):

> A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall [also] be deemed a citizen of the State of which the insured is a citizen.

In this case, Marie Denis is not joined as a party-defendant. The only question, therefore, is whether this case is a "direct action" within the meaning of the statute. The Eleventh Circuit instructs that, "where the suit brought by. . . an injured third party is

based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction." <u>Fortson v. St. Paul Fire and Marine Ins. Co.</u>, 751 F.2d 1157, 1159 (11th Cir. 1985). In reality, this lawsuit is precisely the kind of third-party bad faith claim described in <u>Fortson</u>: Mr. Clifford alleges in Count I of the one-count complaint[1] that Commerce "failed to accept the reasonable offer and opportunity to settle this case within its policy limits when it could and should have done so." Complaint ¶ 20. The cause of action is based squarely on Commerce's independent legal duties under Florida law and could not be maintained against Marie Denis, because she had no role in handling the insurance claim. This is clearly not a direct action against the insurance company within the meaning of § 1332(c)(1). In these circumstances, the Court is limited to examining the insurance company's state of incorporation and principal place of business, which are Massachusetts. Finally, for the purpose of determining jurisdiction, it makes no difference whether the plaintiff is a citizen of California or Florida; either way, the parties are diverse.

Accordingly, it is hereby,

---

[1] Count I is titled: "Clifford's Bad Faith Claim Against Commerce Insurance Company."

**ORDERED AND ADJUDGED:**

The plaintiff's motion for remand and attorney's fees is DENIED. The defendant's request for sanctions against the plaintiff is also DENIED.

**DONE AND ORDERED** in Miami, Florida, July 17th, 2009.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE