UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21198-HOEVELER

JOSEPH CLIFFORD,

    Plaintiff,

v.

COMMERCE INSURANCE COMPANY,

    Defendant.

_____

## ORDER AND REASONS

BEFORE the Court is Commerce Insurance Company's motion to determine the applicable law.[1] The motion has been fully briefed and is ready for a decision.

I.

Joseph Clifford was driving his motorcycle on Biscayne Boulevard in Miami when he was hit and injured by Marie Denis's car. At the time of the accident, Ms. Denis had automobile insurance from Commerce Insurance Company with liability limits of $20,000. The policy had been executed and delivered to Ms. Denis in Massachusetts, where she used to live. Mr. Clifford demanded policy limits but, according to the complaint, Commerce failed settle the claim in a timely manner. Mr. Clifford filed a personal injury lawsuit against Ms. Denis in Florida state court and won a $4,185,000 jury verdict. He then filed this third-party bad faith

---

[1] Commerce attached an insurance policy and an affidavit in support of its motion. In effect, the motion is one for partial summary judgment.

lawsuit against Commerce in state court on March 25, 2009. Commerce removed the action to federal court based on diversity jurisdiction and now seeks a determination of whether the substantive law of Massachusetts or Florida controls the bad faith issue.

II.

"In diversity cases, a federal court applies the law of the forum in which it sits." Broyles v. Bayless, 878 F.2d 1400, 1402 (11th Cir. 1989). Thus, in determining whether Florida or Massachusetts law applies, the Court must apply Florida's choice-of-law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 (1941). Commerce submits that, because this is a contract dispute,[2] the choice-of-law issue must be resolved by the rule of *lex loci contractus*, which holds that contract disputes are controlled by the law of the jurisdiction where the contract was executed (in this case, in Massachusetts). The Florida Supreme Court has indeed held that *lex loci contractus* determines the rights and risks of parties to an automobile insurance policy "on the issue of coverage." See Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295-96 (Fla. 1988). In this case, Commerce does not dispute coverage; instead, the plaintiff's bad faith case raises questions about Commerce's "performance under the contract (or lack thereof)." Government Employees Ins. Co. v. Grounds, 332 So.2d 13,

---

[2] Under Florida law, bad faith insurance claims sound in contract. See Nationwide Mut. Ins. Co. v. McNulty, 229 So. 2d 585 (Fla. 1969).

2

15 (Fla. 1976). "[M]atters concerning performance," the Florida Supreme Court wrote in Grounds, "are determined by the law of the place of performance under traditional conflict of laws principles." Id. District courts in Florida have relied on Grounds in holding that Florida law controls bad faith insurance issues in cases where the underlying personal injury or wrongful death lawsuit was brought and defended in Florida and where settlement negotiations took place in Florida, regardless of where the insurance contract was executed. See Teachers Ins. Co. v. Berry, 901 F. Supp 322, 324 (N.D. Fla. 1995); Shin Crest Pte Ltd. v. AIU Ins. Co., 2008 WL 728388 *2 (M.D. Fla. 2008). Because the conduct giving rise to the plaintiff's bad faith claim took place in Florida (Commerce has not presented evidence or argument to the contrary), the Court finds that Florida law applies to the bad faith dispute.

The Court acknowledges the different result in Pastor v. Union Central Life Ins. Co., 184 F. Supp.2d 1301 (S.D. Fla. 2002), in which the district court dismissed the insured's first-party statutory bad faith claim because the insurance contract was executed in New Jersey and, therefore, governed by New Jersey law. In that case, Otto Pastor worked as an insurance agent for Union Central Life Insurance Company, from which he purchased two policies of personal disability insurance. Pastor sought disability benefits related to cancer and depression, but Union Central

3

ultimately discontinued coverage, terminated Pastor's agency contract, and refused to consider additional evidence regarding the disability. Id. at 1303. Applying the *lex loci contractus* rule, the Pastor court held that Fla. Stat. § 624.155 was inapplicable because New Jersey law governed. Unlike the present case, however, Pastor involved a first-party statutory claim that "necessarily involve[d] interpreting the provisions of the contract." Id. at 1306, quoting Allstate Ins. Co. v. Clohessy, 32 F. Supp.2d 1328, 1331 (M.D. Fla. 1998). Although a state court had already decided the underlying coverage issue (finding that Mr. Pastor was indeed entitled to disability benefits), the subsequent bad faith case would have inevitably turned on whether Union Central's policy interpretation for denying benefits was so unreasonable as to constitute bad faith. Commerce admits there are no policy defenses to Mr. Clifford's insurance claim. See Answer, ¶¶ 6, 9, 13. In any event, this Court follows the direction of Government Employees Ins. Co. v. Grounds, 332 So.2d 13, 15 (Fla. 1976) and Teachers Ins. Co. v. Berry, 901 F. Supp 322, 324 (N.D. Fla. 1995). Accordingly,

**IT IS ORDERED:** The substantive law of Florida controls the bad faith issue in this case.

**DONE AND ORDERED** in Miami, Florida, October 16, 2009.

*/s/ Wm M Hoeveler*
_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies Furnished:   Counsel of Record