UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21198-HOEVELER

MARIE A. DENIS and
JOSEPH CLIFFORD,

   Plaintiffs,

v.

COMMERCE INSURANCE COMPANY,

   Defendant.
_____

### ORDER AND REASONS

BEFORE the Court is Commerce Insurance Company's motion to dismiss the complaint without prejudice. The Court has reviewed the parties' submissions and is fully advised in the premises.

### Background

Joseph Clifford was injured on his motorcycle in a traffic accident with Marie Denis. At the time, Ms. Denis was insured by Commerce Insurance Company under an automobile insurance policy with liability limits of $20,000. After the accident, counsel for Mr. Clifford asked Commerce to tender Ms. Denis's policy limits and her sworn financial affidavit within 20 days, warning that "an untimely or improper tender" would be rejected. Since then, the parties have disputed whether Commerce complied with the demand. Commerce contends that it tendered the money and achieved a valid and enforceable settlement. Clifford responds that the tender was

untimely and the financial affidavit was unsworn, preventing settlement. In any event, Clifford sued Denis in state court and won a $4,185,000 jury verdict. After judgment was entered on March 20, 2009, Commerce was joined as a party defendant pursuant to section 627.4136(4) of the Florida Statutes.

On March 30, 2009, Denis moved for a new trial and for judgment notwithstanding the verdict, arguing (among other things) that the state court erred in denying Commerce's attempt to enforce the settlement. The motion was denied and Denis appealed. Shortly thereafter, Clifford filed a notice of cross-appeal. Briefing on the appeals remains open.

On March 25, 2009, Clifford initiated this third-party bad faith action against Commerce in state court, premised largely on Commerce's alleged failure to accept Clifford's $20,000 settlement demand. Commerce removed the case based on federal diversity jurisdiction. On November 23, 2009, the Court granted Clifford's motion to amend the pleadings to add Marie Denis as a plaintiff in the bad faith case.[1]

I.

Commerce contends that bad faith litigation is premature because the state appellate process is ongoing. In particular, the state appellate court will soon decide whether Commerce's tender

---

[1] Ms. Denis asserts a first party statutory bad faith claim against Commerce.

was effective. Under Florida law, bad faith litigation is premature until two conditions have been satisfied: (1) the insurer raises no defense which would defeat coverage, or any such defense has been adjudicated adversely to the insurer, and (2) the actual extent of the insured's loss must have been determined. State Farm Florida Ins. Co. v. Seville Place Condominium Assoc., Inc., 2009 WL 3271300 (Fla. 3rd DCA 2009), citing Vest v. Travelers Ins. Co., 753 So 2d 1270, 1275 (Fla. 2000).

Clifford argues that the jury verdict and entry of final judgment in the personal injury trial opened the door to bad faith litigation, and the fact that an appeal is pending is irrelevant. Florida courts have differed about whether a bad faith cause of action exists before the appeals process is finished. Compare United Automobile Inc. Co. v. Tienna, 780 So. 2d 1010, 1011 n. 4 (Fla. 4th DCA 2001) ("[t]he determination of liability and damages must also include the appellate process."); with State Farm Florida Ins. Co. v. Seville Place Condominium Assoc., Inc., 2009 WL 3271300 (Fla. 3rd DCA 2009) (finding no precedent that "liability and the extent of damages must also be 'finally final,' surviving any appellate remedies sought by an insurer, before the insured's bad faith claim is ripe.").[2] Federal courts interpreting Florida law

---

[2] The parties, as well as courts considering this issue, have found different meanings in the holding of Michigan Millers Mutual Ins. Co. v. Bourke, 581 So. 2d 1368, 1370 (Fla. 2d DCA 1991). The Michigan Millers court did not explicitly hold that appeals must be extinguished, but that appears to be the direction of the decision.

have applied the rule that bad faith litigation is premature while appeals are pending. See, e.g., Kendall Crane Service v. Wellington Specialty Ins. Co., Case No. 09-22961-CIV-MOORE (S.D. Fla. January 13, 2010) (order denying motion to dismiss); Page v. QBE Ins. Corp., 2009 WL 1025716 *2 (S.D. Fla. 2009) (bad faith litigation premature because "the fact that [insurer] has not exhausted its appellate remedies means that the [jury verdict and entry of final judgment] in favor of [the insured] made in the underlying case cannot be considered final for purposes of a bad faith action."), citing Romano v. American Cas. Co. of Reading, Pa., 834 F.2d 968, 970 (11th Cir. 1987).

This Court agrees that the bad faith action is premature. To determine Commerce acted in bad faith, the Court must find that Commerce's response to Clifford's demand letter was ineffective.

---

Several passengers of a car insured by Michigan Millers were injured or killed in an accident with a municipal vehicle. The passengers sued Michigan Millers for uninsured motorist (UM) coverage and for bad faith under section 624.155. The trial court stayed the bad faith claim pending resolution of the UM coverage issue, which was argued in summary judgment motions. The principal question on summary judgment was whether the municipal vehicle was, in fact, an "uninsured motor vehicle" under Florida law. Michigan Millers Mutual Ins. Co v. Bourke, 581 So. 2d 1365, 1366 (Fla. 2d DCA 1991) ("Michigan Millers I"). If so, the parties agreed that the amount of available UM benefits was $400,000. Id. The trial court granted summary judgment that coverage existed, entitling the passengers to UM benefits as a matter of law. Id. Then, while the summary judgment ruling was being appealed, the trial court lifted the abatement of the bad faith claim. It was in this context that the appellate court in Michigan Millers quashed the trial court's order lifting the stay, because bad faith litigation was still premature.

This is precisely the issue being appealed. In light of the real potential for inconsistent adjudication, the plaintiffs' claims for bad faith should not proceed until the appeal is complete and the underlying judgment is final. Kendall Crane Service v. Wellington Specialty Ins. Co., Case No. 09-22961-CIV-MOORE ("judgment becomes final either upon the expiration of the time for filing an appeal or postjudgment motions, or, if an appeal is taken, upon the appeal being affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing"), quoting Silverston v. Edell, 721 So. 2d 1173, 1175 n. 2 (Fla. 1998). To the extent this outcome is inconsistent with the Third District Court of Appeal's comments in Seville Place, the Court is satisfied procedural peculiarities of this case warrant the different result.[3]

Commerce seeks dismissal without prejudice or abatement. "Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen." O'Rourke v. Provident Life and Acc. Ins. Co., 48 F. Supp.2d 1383, 1385 (S.D. Fla. 1999). The Court finds that abatement of the bad faith case is appropriate pending the appeals process in state court.

---

[3] Specifically, this case includes both third party and first party bad faith claims, asserted by co-plaintiffs who remain adverse in state court proceedings.

Accordingly, it is hereby

ORDERED AND ADJUDGED: Commerce's motion is GRANTED and this case is hereby abated until further order from the Court. The parties are instructed to file a status update within 90 days concerning the status of the appellate proceedings, and every 90 days thereafter. Either side is entitled to request that the stay be lifted once the appeal is completed or abandoned. It is further ordered that all pending motions in this action be denied as moot. The discovery motions may be reactivated when and if the stay is lifted.

DONE AND ORDERED in Miami, Florida, February 2nd 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies Furnished:   Counsel of Record